IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MARTIN | : | CIVIL ACTION |
| v. | : | |
| KIM ULISNY, ET AL. | : | NO. 09-3967 |

**MEMORANDUM**

**Padova, J.**                                                    **February 22, 2010**

*Pro se* Plaintiff George Martin brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging that his legal mail was improperly opened outside of his presence, violating his rights to confidentiality and free speech under the First Amendment. Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted.

**I.**     **BACKGROUND**

The Complaint alleges that Plaintiff's legal mail was opened outside of his presence by unknown mail inspectors (Defendants John/Jane Doe 1-5) on four occasions at the Pennsylvania State Correctional Institution at Graterford ("Graterford"). Plaintiff filed a grievance with respect to the first instance on May 29, 2007, stating that he received legal mail that had been opened and then taped shut before it was given to him on May 18, 2007. (Compl. App. A.) Defendant Michael Spencer, a Grievance Officer, denied Plaintiff's grievance on June 6, 2007, stating that the mail in question had been taped shut before it was received at Graterford. (Id.) Plaintiff appealed the denial of his grievance to Defendant David DiGuglielmo, the Superintendent of Graterford, who upheld the denial of the grievance on July 9, 2007. (Id.) Plaintiff filed a final appeal with the Secretary's Office of Inmate Grievances & Appeals, this appeal was denied by Defendant Cindy G. Watson on September 10, 2007. (Id.)

On May 29, 2007, Plaintiff again received legal mail that had been opened and taped shut. (Compl. App. B.) There is no indication that Plaintiff filed a grievance with respect to this incident.

Plaintiff again received legal mail that had been opened and taped shut on July 12, 2007. (Id.) He submitted a request slip to Defendant Kim Ulisny, Graterford's Mail Inspector Supervisor, on July 16, 2007 and filed a grievance on July 22, 2007. (Id.) Defendant Ulisny responded on August 6, 2007 that the envelope had been handled, and opened, like regular mail because it was not clearly identified as having been sent by an attorney or law firm. (Id.) Defendant Spencer denied Plaintiff's grievance on August 2, 2007, on the ground that the envelope had been properly opened because it was not identified as coming from an attorney and, consequently, there was insufficient indication that the mail in question was legal in nature. (Id.) Plaintiff appealed and Defendant DiGuglielmo upheld the denial of his grievance on September 14, 2007. (Id.) Plaintiff filed a final appeal with the Secretary's Office of Inmate Grievances & Appeals, this appeal was denied by Defendant Watson on October 25, 2007. (Id.)

Plaintiff received legal mail that had been previously opened for the fourth time on September 11, 2007. (Compl. App. C.) He submitted a request slip regarding this incident on September 12, 2007 and, on September 17, 2007, Defendant Ulsiny responded that Plaintiff's legal mail had been opened by mistake. (Compl. App. B.) Plaintiff filed a grievance with respect to this incident on September 20, 2007. (Compl. App. C.) His grievance was denied by Defendant Spencer on September 28, 2007, on the ground that the mail was opened by mistake and the contents of the envelope were not read. (Id.) Plaintiff appealed and Defendant DiGuglielmo upheld the denial of his grievance on October 12, 2007, on the ground that there was no evidence to prove that Plaintiff's legal mail had not been opened by mistake. (Id.) Plaintiff appealed to the Secretary's Office of

Inmate Grievances & Appeals. (Id.) His grievance was upheld in part by Defendant Watson, but his request for monetary compensation was denied as unwarranted. (Id.)

Plaintiff filed the instant Complaint on August 31, 2009. He seeks monetary damages for emotional distress and nominal damages against each Defendant.

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look "to the facts alleged in the complaint and its attachments." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."

3

Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

The Complaint alleges that Defendants violated Plaintiff's First Amendment rights to confidentiality and free speech by opening his confidential legal mail outside of his presence. The Complaint asserts this claim against Defendants pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). See also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The United States Court of Appeals for the Third Circuit has held that a state prison's pattern

and practice of opening a prisoner's legal mail outside his presence violates that prisoner's First Amendment right to free speech:

> [a] state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech. The practice deprives the expression of confidentiality and chills the inmates' protected expression, regardless of the state's good-faith protestations that it does not, and will not, read the content of the communications. This is so because "the only way to ensure that mail is not read when opened . . . is to require that it be done in the presence of the inmate to whom it is addressed."

Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006) (quoting Bieregu v. Reno, 59 F.3d 1445, 1456 (3d Cir. 1995)).

Defendants move to dismiss the Complaint on the grounds that it does not allege that any of them had a role in the opening of Plaintiff's legal mail outside of his presence. "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (alteration in original) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). The Complaint does not allege that any of the Defendants in this action was personally involved in the opening of Plaintiff's legal mail outside of his presence. Rather, the Complaint appears to allege a form of supervisory liability on each Defendant.

The Defendants may be held liable pursuant to Section 1983 for violations of Plaintiff's constitutional rights committed by others only if they are policymakers or the supervisors of the

individuals who actually committed the constitutional violation. "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir.1989)). A person who supervised the individual who committed the constitutional violation "may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Id. (citing Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir.1995)).

The Complaint does not allege that Graterford had a policy, practice or custom of opening inmates' legal mail outside of their presence, or that any of the Defendants was a policymaker with respect to such a policy. The Complaint does allege that Defendant Ulisny was the prison mail inspector supervisor. However, it does not allege that she had knowledge of or acquiesced in her subordinates' alleged violations of Plaintiff's First Amendment rights. We conclude, accordingly, that the Complaint does not state any claims against any of the Defendants pursuant to Section 1983 upon which relief may be granted. The Motion to Dismiss is, therefore, granted. See Taylor v. Olney, 196 F. App'x 126, 128 (3d Cir. 2006) (affirming entry of summary judgment in favor of defendant prison officials where plaintiff "failed to produce evidence of personal involvement on the part of the defendants in the alleged pattern and practice of opening his [legal] mail").[1]

---

[1] Defendants also moved to dismiss Plaintiff's claims relating to the opening of his legal mail on May 18, 2007, May 29, 2007, and July 12, 2007 as being barred by the two year statute of limitations applicable to Section 1983 claims. They also ask that we dismiss Plaintiff's claim for

## IV. CONCLUSION

In civil rights cases, "district courts must offer amendment -- irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Consequently, we grant the Motion to Dismiss without prejudice and grant Plaintiff leave to amend his Complaint to allege facts which would support a finding that the Defendants were personally involved in the alleged violation of his First Amendment right to free speech or that would support a finding of supervisory liability pursuant to Section 1983.

An appropriate Order follows.

BY THE COURT:

_____
John R. Padova, J.

---

compensatory damages for his emotional distress because the Complaint does not allege that he suffered any physical injury. We need not address these arguments, as we have granted Defendants' Motion on other grounds. However, we note that while the Third Circuit "has not spoken on the issue, several courts of appeals have concluded that, because exhaustion is mandatory under the [Prison Litigation Reform Act], the statute of limitations applicable to § 1983 actions must be tolled while a prisoner exhausts." Shakuur v. Costello, 230 F. App'x 199, 201 (3d Cir. 2007) (citing Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); and Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999)). Plaintiff did not exhaust the grievance process with respect to the opening of his legal mail on May 18, 2007 until September 10, 2007, and he did not exhaust the grievance process with respect to the opening of his legal mail on July 12, 2007 until October 25, 2007. Consequently, it appears that Plaintiff exhausted the grievance process with respect to these two claims less than two years prior to his filing of the Complaint in this action.